1

Paul Hupp
965 Hidden Oaks Drive
2
Beaumont, CA. 92223
Paulhupp@gmail.com
3
(951) 769-1268
*Petitioner*
4
*In Propria Persona*

**FILED**

FEB **0 1** 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

5

6                    UNITED STATES DISTRICT COURT

7                    SOUTHERN DISTRICT OF CALIFORNIA

8                                              )    Case No.: 17-cv-
                                               )
9                                              )
                                               )
10    Paul Hupp,                               )    **'17 CV 0 20 1 JAH NLS**
                                               )
11              Petitioner,                    )
                                               )
12         vs.                                 )    PETITIONER PAUL HUPP'S PETITION
                                               )    FOR WRIT OF CORAM NOBIS
13    State of California,                      )
      Xavier Becerra,                          )
14    Roes 1-25,                               )
                Respondents.                   )
15                                             )
                                               )
16                                             )

17    _____

18

19                         **PETITION OF CORAM NOBIS**

20         PETITONER Paul Hupp ("PETITONER"), in *Propria Persona*, files this Petition for

21    Writ of Coram Nobis ("PETITION") against Respondents State of California ("STATE") and

22    Xavier Becerra ("AG"), Attorney General of California, and Roes 1-10 as follows:

23                   **PARTIES, VENUE AND JURISDICTION**

24         1.   Petitioner resides and is domiciled within the state of California.

25

-1-                          Paul Hupp

2.  STATE and AG are proper respondents in this action as they defend against PETITIONS such as this in federal court, similar to a Writ of Habeas Corpus.

3.  AG is sued in his official capacity as Attorney General for STATE.

4.  This PETITION is to remedy a civil "Contempt of Court" conviction by San Diego Superior Court Judge John Sargent Meyer ("MEYER") that occurred in the Superior Court of California, County of San Diego, Case No.: 37-2010-00102264-CU-HR-CTL. Appealed to the Fourth District Court of Appeal, Division I, Case No.: D058726. Appealed to STATE Supreme Court, Case No.: S199214.

5.  This case is related to PETITONER'S Habeas Corpus Petition filed in United States District Court, Southern District of California, Case No.: 11-CV- 02909 IEG (RBB).

6.  This case is related to PETITONER'S civil rights case in United States District Court, Southern District of California Case No.: 12-cv-00492 IEG (RBB).

7.  This case is related to PETITONER'S Habeas Corpus Petition currently pending in this Court, Southern District of California, Case No.: 16-CV-00767 DMS (BGS).

8.  Civil "Contempt of Court" is **non-appealable** in STATE court.

9.  This action arises under the United States Constitution, particularly under the provisions of the First, and Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly Title 28 of the United States Code, Section 1651(a);  and Title 18 of the United States Code, Section 3231.

10. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Section 1343-Civil rights and elective franchise.

11. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Section 1331-Federal question.

12. This court has supplemental jurisdiction of state claims that arise out of the nucleus of operative facts, case, or controversy common to the PETITIONER'S federal claims under the provisions of Title 28 of the United States Code, Section 1367(a)-Supplemental jurisdiction.

13. This court has venue over this case under the provisions of Title 28 of the United States Code, Section 1391(b) and (c).

### **Background**

14. In October 2010 PETITIONER was served with a temporary restraining order of Jeffrey Howard Freedman ("FREEDMAN"). PETITIONER answered the documents and denied the accusations. In November 2010 the trial court entered a three (3) year restraining order ("RO") against PETITIONER.  PETITIONER appealed the trial courts ruling to the 4th District Court of Appeal, Case No.: D058726 and California Supreme Court, Case No.: S199214.

15. In July 2011 FREEDMAN applied for and received contempt of court charges based on the accusations that PETITONER  had sent him letters in violation of the RO. Said letters were claimed to have been sent in October 2010, January 2011, and February 2011, **5-9 months prior to the application for contempt charges**. PETITONER had to petition the trial court to appoint counsel for the contempt of court charges because it was not offered. The trial court did not disclose any of PETITONER'S constitutional rights, either on or off the record.

16.   The Office of Assigned Counsel assigned William Kiernan ("KIERNAN") to represent PETITONER on the contempt charges. KIERNAN never once interviewed PETITONER. KIERNAN performed no independent investigation into the facts of the contempt charges whatsoever. **KIERNAN made no informal or formal written discovery request.** KIERNAN made no written request for a witness list. KIERNAN never communicated with PETITONER once regarding strategy or impeachment of the prosecution's only substantive witness, FREEDMAN. KIERNAN never once addressed the issues relating to FREEDMAN'S prior litigation with PETITONER , which is more clearly documented in a related case filed previously in this court and now pending at the Ninth Circuit Court of Appeals (Hupp v. Freedman, U.S.D.C. Case No.; 11-CV-02337 IEG (RBB), Ninth Circuit Case No.:12-55175). A copy of the District Court complaint is on file with this Court. PETITONER prepared a 100 plus question cross examination of FREEDMAN based upon prior falsehoods FREEDMAN had engaged in during a 1998 administrative hearing.

17.   KIERNAN refused to discuss impeachment issues, refused to review PETITONER'S pending civil rights lawsuit against FREEDMAN and made no effort whatsoever to investigate potential defenses and impeachment issues.

18.   PETITONER called KIERNAN in excess of 10 times over a five (5) day period during a break in the trial, sent in excess of seven (7) emails and sent two (2) written letters via USPS mail. KIERNAN never made any direct response whatsoever to these numerous attempts to contact him and to discuss the case or communicate with PETITONER. Based on KIERNAN'S conduct and lack of

1    preparation, PETITONER, **in the middle of trial** filed a motion noticing

2    KIERNAN'S ineffective assistance of counsel titled "RESPONDENT'S *EX PARTE*

3    MOTION NOTICING INEFFECTIVE ASSISTANCE OF COUNSEL". Judge

4    John Sargent Meyers ("MEYERS") made no substantive examination of the

5    ineffective assistance of counsel issues and his clerk refused to return PETITONER

6    s phone calls to even calendar the motion, even though PETITONER had notified

7    the court four (4) days prior to the need to hear it (only one (1) days notice is

8    required under local rules). PETITONER had no choice but to continue on with

9    KIERNAN. Below is a *non exhaustive* list of the problems with KIERNAN'S

10   representation;

11

12          1. Mr. Kiernan did not perform any independent investigation into the
            facts of the case.

13          2. Mr. Kiernan failed to properly interview PETITONER.
            3. Mr. Kiernan failed to independently investigate facts that could

14          impeach the only substantive witness the prosecution put on the stand-
            FREEDMAN.

15          4. Mr. Kiernan failed to file a written request-either informal or formal-
            for discovery, which resulted in exculpatory evidence, including police

16          reports, being withheld and hidden from PETITONER .
            5. Mr. Kiernan failed to file a written request for a witness list, which

17          resulted in a witness appearing who was never disclosed by the
            prosecution.

18          **6. Mr. Kiernan failed to investigate whether the physical evidence in**
            **this case had been tested for forensic evidence.**

19          **7. Mr. Kiernan never sought to independently test the physical**
            **evidence in the case if the prosecution had not already tested it.**

20          8. Mr. Kiernan failed to properly communicate with PETITONER,
            refusing to make any communication outside of court whatsoever-with the

21          exception of leaving two (2) 15 second voice mail messages.
            9. Mr. Kiernan was discussing "alternative sentencing" during the closing

22          arguments, before a verdict had even been rendered. This was extremely
            prejudicial.

23

24   19.    The only substantive evidence proffered by FREEDMAN to support the contempt

25          charges were the alleged letters he received. The letters had no connection to

-5-                          Paul Hupp

PETITONER whatsoever. There was no eye witness testimony, no fingerprint or DNA evidence submitted, no other unique marker that implicated PETITONER in any manner whatsoever. The envelopes appeared to be the standard #10 business envelope; the font appeared to be a standard default font such as Times New Roman or Arial. All are used millions, even billions, of times in this nation on an annual basis. FREEDMAN claimed these font styles and envelopes were "fingerprints", but offered no foundation, no expert testimony to support (much less prove) such wild and completely unsubstantiated claims.

20.   FREEDMAN, through Deputy Attorney General Theodore Stephen Drcar ("DRCAR") also claimed certain curse words used were "fingerprints". The curse words were common everyday curse words. All of the curse words in the letters are used millions of times daily in this nation. Most rap songs mention these same words multiple times in each song. They are not now, have never been and never will be "fingerprints".

21.   MEYERS found PETITONER guilty "beyond a reasonable doubt" based on the "similarity" of the curse words, claiming this was "circumstantial evidence". MEYERS entered an Order November 16, 2011, of 25 days of custody and a $5,000 fine (fine stayed until 2013).

22.   MEYERS changed his original Order sometime after 5:00 PM on November 16, 2011 and entered a new "Amended Order", stating the **Respondent is not entitled to any custody credits and shall serve all 25 days with no early release, per court"**.

23. Under current California law, Penal Code Section 4019 ("PC 4019"), all inmates in local county jail custody get good time custody credits of one day for every one day of actual time served. There is no discretion for a judge, the sheriff or anyone else to deny PC 4019 custody credits because the law does not allow for it. PC 4019 is the law, duly enacted by the Legislature. It cannot be overridden by any judge or any sheriff, as MEYERS did in his "Amended Order" and as upheld by the SDSD. This is the exact kind of vindictive abuse the United States Supreme Court struck down in <u>Blackledge v. Perry</u>, 417 U.S. 21 (1974).

24. PETITONER  filed motions asking MEYERS to assign appellate counsel for an appeal or habeas corpus petition titled "RESPONDENTS *EX PARTE* MOTION FOR APPOINTMENT OF APPELLATE COUNSEL" and "RESPONDENT PAUL HUPP'S REQUEST FOR A NEW TRIAL; STAY OF SENTENCE". MEYERS made no response to these motions in any manner whatsoever.

25. PETITONER asked MEYERS at the end of his contempt trial to assign appellate counsel and MEYERS responded to this constitutional requirement by stating he "did not answer legal questions". PETITONER informed MEYERS it was a constitutional right; MEYERS said to speak with KIERNAN. KIERNAN said to call his office, OAC, and ask them. OAC said they did not do appeals or habeas petitions.

26. PETITONER motioned the trial court *sua sponte* at that point for 1) a new trial, 2) stay of sentence, 3) appointment of appellate counsel. The MEYERS' court clerk did not return PETITONER"S calls to calendar these motions and they had to be sent in un-calendared.

27. The court/MEYERS never responded to any of these motions.

28. PETITONER called the appeals section of the San Diego County Superior Court to try to get information on the case numerous times; they never returned any of the calls.

29. **There is no statutory right to an appeal in a "contempt of court" case.**

30. This is especially troubling when the trial judge is a finder of both <u>fact</u> and <u>law</u> and there is no way for a lay person to challenge the finding of <u>fact</u> or <u>law</u>, making the trial court judges de facto dictators in contempt of court charges with no recourse to the accused whatsoever, no matter how wrong the action of the trial court.

31. In a criminal trial in California there is the right to appeal from even infraction traffic and parking offenses where the maximum penalty is a fine of a few hundred dollars.

32. When PETITONER reported to the San Diego Sheriff Department ("SDSD") on <u>January 3, 2012</u>, for his 25 day sentence the SDSD said they would not apply PC 4019 credits. PETITONER informed them that they had to apply PC 4019 by law and had no discretion not to. The SDSD said it was "up to the judge" and refused to apply the PC 4019 credits. PETITONER informed SDSD at intake that neither the judge nor SDSD had the legal authority nor discretion to deny PC 4019 credits.

33. PETITONER sent numerous written requests via internal mail for the SDSD to check with County Counsel on the PC 4019 issue, SDSD refused.

34. The only inmates to whom PC 4019 credits do not apply are to SPECIFIED "strike" offenders in STATE PRISONS. All county level jail offenses and all "local prison" (county jail) inmates are eligible for PC 4019 custody credits.

35. PETITONER had a certified letter send to SDSD Sheriff William D. Gore over the PC 4019 issue on <u>January 10, 2012</u>, informing him that the SDSD was not applying the PC 4019 credits and this was a violation of the law. Sheriff Gore never made any response whatsoever to the certified letter.

36. PETITONER filed Habeas Corpus Petitions at the California Fourth District Court of Appeal, Division One (Case No.: 61137), and the California Supreme Court (Case No.: S199104), both were denied. PETITONER filed two (2) Habeas Corpus Petition cases with the United States District Court, Southern District of California ("USDC"), including three (3) Amended petitions, two (2) of which were filed while PETITONER was in custody- on <u>January 3, 2012</u>, and <u>January 25, 2012</u>.

37. PETITONER tried to file multiple papers with the USDC while in custody but was prevented by the SDSD, which had a custom and policy of blocking the access needed to file such papers. PETITONER tried to file numerous papers while in custody, and the SDSD repeatedly blocked PETITONER'S right to do so.

38. Unknown, undisclosed and hidden from PETITONER the San Diego District Attorney ("DA"), San Diego Police Department ("SDPD"), San Diego Deputy District Attorney James Romo ("ROMO") and Raymond Wetzel, A/K/A "Charlie" Wetzel ("WETZEL"), a Peace Officer/detective employed by the SDPD, were all investigating, analyzing and assisting DRCAR in all aspects of the <u>November 2011</u> contempt of court charge in MEYER'S courtroom.

39. DRCAR never disclosed any of these facts, knowingly, willfully and intentionally withholding them. This included withholding all police reports, including DNA and fingerprint reports.

40. Also unknown to PETITONER was the fact that these same defendants had run DNA and fingerprint tests on all the letters and envelopes FREEDMAN had claimed he received, which were the subject of the civil contempt of court trial.

41. There was DNA and fingerprint evidence on multiple pieces of evidence. DA, SDPD, FREEDMAN, ROMO, WETZEL and DRCAR never made any disclosure of this evidence. Exculpatory evidence that could exonerate PETITONER was/is required by law to be disclosed under Brady v. Maryland, 373 U.S. 83 (1963) ("Brady Evidence").

42. If PETITONER had known about this evidence the outcome of the civil contempt trial would have been different. But under any circumstances this evidence, under the due process clause of the Constitution, was required to be turned over to PETITONER.

43. PETITONER would have been allowed to independently test it.

44. DA, SDPD, FREEDMAN, DRCAR ROMO and WETZEL did not turn over this forensic evidence until February 2012 in another case.

45. PETITONER fled a post conviction motion with MEYERS noting the unlawful Brady violations. MEYERS did nothing.

### Legal Argument

46. DA, SDPD, FREEDMAN, DRCAR ROMO and WETZEL all withheld DNA and fingerprint ("Brady") evidence in PETITONER'S civil contempt of court charge, in direct violation of the 14th Amendment.

47. DA, SDPD, FREEDMAN, DRCAR ROMO and WETZEL made no effort to remedy their unlawful civil and criminal actions in any manner whatsoever, even after they were informed of their deceitful acts.

48. Judge MEYERS refused to take any action whatsoever with regard to the unlawful civil and criminal actions of DA, SDPD, FREEDMAN, DRCAR ROMO and WETZEL.

49. Civil contempt of court charges are **non-appealable**.

50. In a related criminal trial that took place from January 20, 2013, though February 19, 2013, DA and ROMO used this "civil contempt" conviction in MEYERS Court to bolster and vouch for the January-February 2013, felony criminal case against PETITIONER.

51. Non-appealable cases are not allowed to be used as "issue or claim preclusion" (aka collateral estoppel and res judicata) in any other case, yet that is exactly what DA and ROMO did with the "civil contempt" conviction from MEYERS Court in the felony case DA and ROMO brought against PETITIONER.

52. MEYERS repeatedly engaged in misconduct, including but not limited to, changing the "civil contempt" conviction sentence *ex parte*, without PETITIONER or his lawyer present. Instructing the SDSD to not allow PC §4019 good time custody credits to PETITIONER. Refusing to discipline of take any action whatsoever after MEYERS had been made aware of the withheld DNA and fingerprint (Brady) evidence that DA, SDPD, FREEDMAN, DRCAR ROMO and WETZEL knowingly, willfully and intentionally withheld (even AFTER they were confronted with their duplicity).

53. PETITIONER asks this court to VACATE the "civil contempt" conviction in MEYERS Court due to the unlawful actions of DA, SDPD, FREEDMAN, DRCAR ROMO and WETZEL, as well as Judge MEYERS.

54. DA, SDPD, FREEDMAN, DRCAR ROMO and WETZEL have used the UNLAWFUL "civil contempt" conviction from MEYERS Court in other proceedings and will likely use them again.

55. There is no other remedy to this injustice except for this instant PETITION.

56. PETITIONER asks this court to **ORDER** the AG to electronically provide all the case documents and files for adjudication, as it would a Habeas Petition.

### Prayer for Relief

PETITIONER prays that this Court vacate the "civil contempt" conviction in MEYERS Court, Superior Court of California, County of San Diego, Case No.: 37-2010-00102264-CU-R-CTL, due to the unlawful civil and criminal actions of DA, SDPD, FREEDMAN, DRCAR ROMO and WETZEL by knowingly, willfully and intentionally withholding exculpatory DNA and fingerprint (Brady) evidence in violation of the 5th, 6th and 14th Amendments.

Respectfully Submitted.

Dated this 1st Day of February, 2017        1-30-17

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
Paulhupp@gmail.com
(951) 769-1268
*Petitioner*
*In Propria Persona*

-12-                                Paul Hupp

## DECLARATION OF SERVICE

I, Paul Hupp, declare the following;

1. I am over 18 years of age,
2. I am a party to this action,
3. My address is 965 Hidden Oaks Drive, Beaumont CA 92223
4. I served a true and correct copy of THE FOLLOWING;

   Plaintiff Paul Hupp's

1. PETITIONER PAUL HUPP'S PETITION FOR WRIT OF CORAM NOBIS

ADDRESSED TO;

| United States District Court-Clerk<br>333 West Broadway Room 420<br>San Diego, CA 92101-8929 | Mr. David Delgado-Rucci, Esq.<br>Attorney General of California<br>600 West Broadway, Suite 1800<br>San Diego, CA 92101 |
|---|---|
| | |

By placing said document in a sealed envelope into the United States Postal Service at Beaumont, CA with the postage fully prepaid on;

Monday, January 30, 2017

EXECUTED ON:

Monday, January 30, 2017

I declare under penalty of perjury of the laws of the State of California and the United States that the forgoing is true and correct.

Declarant-/s/Paul Hupp_____

## DECLARATION OF SERVICE

I, Paul Hupp, declare the following;

1. I am over 18 years of age,
2. I am a party to this action,
3. My address is 965 Hidden Oaks Drive, Beaumont CA 92223
4. I served a true and correct copy of THE FOLLOWING;

Plaintiff Paul Hupp's

### 1. PETITIONER PAUL HUPP'S PETITION FOR WRIT OF CORAM NOBIS

ADDRESSED TO;

| United States District Court-Clerk<br>333 West Broadway Room 420<br>San Diego, CA 92101-8929 | Mr. David Delgado-Rucci, Esq.<br>Attorney General of California<br>600 West Broadway, Suite 1800<br>San Diego, CA 92101 |
|---|---|
| | |

By placing said document in a sealed envelope into the United States Postal Service at Beaumont, CA with the postage fully prepaid on;

Monday, January 30, 2017

EXECUTED ON:

Monday, January 30, 2017

I declare under penalty of perjury of the laws of the State of California and the United States that the forgoing is true and correct.

Declarant-/s/Paul Hupp_____



965 Hidden Oaks Drive
Beaumont, CA 92223

FEB 01 2017

RECEIVED

United States District Court-Clerk
333 West Broadway Room 420
San Diego, CA 92101-8929